UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY



RECEIVED
WILLIAM T. WALSH, CLERK
2004 AUG -9 P 2: 27
UNITED STATES
DISTRICT COURT

ALFONSO GREEN WIGGINS, AS AN
INDIVIDUAL MEMBER OF UNITED
FOOD AND COMMERCIAL WORKERS
UNION, LOCAL #56,

   Plaintiff,

  v.

UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL #56,
ANTHONY R. CINAGLIA, PRESIDENT,
AND JACK SWIFT, BUSINESS
REPRESENTATIVE,

   Defendants,

  v.

HEINZ NORTH AMERICA,
WILLIAM H. MCNEECE, PLANT
MANAGER,

   Defendants.

Civil Action No.

04cv 3797 (JBS)

## C O M P L A I N T

### PARTIES

  Plaintiff, ALFONSO GREEN WIGGINS, resides at 3930 Beacon Avenue, in the Township of Pennsauken, County of Camden and State of New Jersey 08110.

Defendant, UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL #56, its representatives, ANTHONY R. CINAGLIA, President and JACK SWIFT, Business Representative, business address is located at 5 Executive Campus, Suite 201, in the Township of Cherry Hill, County of Camden and State of New Jersey 08002-4107.

Defendant, HEINZ NORTH AMERICA, its representative, WILLIAM H. MCNEECE, Plant Manager, business address is located at 1550 John Tipton Boulevard, in the Township of Pennsauken, County of Camden and State of New Jersey 08110.

## JURISDICTION

This is a civil action authorized by 29 U.S.C.A. § 411, § 412 and § 501, to redress the deprivation of rights secured under the Union Members Bill of Rights. Plaintiff seeks declaratory and injunctive relief.

## FIRST CAUSE OF ACTION

Plaintiff contends that the union and its representatives denied him and about forty (40) percent of the union-employees at the Heinz North America plant the opportunity and right to participate in the voting process with respect to the contract extension. At the same time the union representatives only apprised and allowed those union-members working on the 'day shift' attending the meeting the rights to vote on the contract extension in order to legitimize the agreement.

The conduct illustrated by the union with respect to the collective bargain agreement denied the plaintiff and other union members the right to an equal vote which violated their rights secured under the Labor-Management Reporting and Disclosure Act and the Union Members Bill of Rights.

## SECOND CAUSE OF ACTION

Plaintiff submits that based on information and belief ..... the 'union employees' at the Heinz North America plant voted the first time and rejected the two year extension on the contract offered by the union representatives. Thereafter the union representatives requested a second vote and then apprised the membership of the fact that if they did not vote for the contract extension that the Heinz plant would be 'shut down and moved out of state'. The statement by the union representatives to the union employees was not made in good faith and were implied as a mean of coercion, duress and restraint on the exercise of the union members rights. Hence the conduct illustrated by the union representatives violated the duty of fair representation and the Union Members Bill of Rights.

### THIRD CAUSE OF ACTION

Plaintiff submits that the union did not make any effort to communicate with the union employees to apprise them of the pending vote on the contract extension requested by Heinz North America; Nor did the union inform the union members before hand of the fact that the negotiation on the health care benefits or pension plans would be deferred until after the approval of the contract. These acts and omissions were tantamount to a breach of the duty of fair and honest representation by the union and thus violated the Union Members Bill of Rights.

### FOURTH CAUSE OF ACTION

Plaintiff submits that the management at the Heinz North America plant alone with the union representative knew or should have knowned that 'union employees' were being denied the right to partake in the process of voting on their contract at the time the company provided their facility to the union for use. In the same vein Heinz management and/or the union representative did not give the union employees permission before hand to re-enter the Heinz plant in the event that they wanted to participate in the process of voting on the contract extension. Therefore the conduct illustrated by the defendants was selective, arbitrary, discriminatory and violated the duty of fair representation which deprived the plaintiff and other union employees of rights secured under the Union Members Bill of Rights.

-4-

DEMAND

Wherefore, plaintiff respectfully requests that this Court enter a judgment granting him:

1. A declaratory judgment that the defendants acts, policies and practices herein described and complained of violated plaintiff's and other union members rights secured under the Union Members Bill of Rights.

2. A preliminary and permanent injunction which:

a. Prohibits the United Food and Commercial Workers Union, Local #56 and Heinz North America from the implimentation on or about September 13, 2004, the two year contract extension entered into on or about December 19, 2001, collective bargaining agreement which violated the union employees rights under the Union Members Bill of Rights.

b. Prohibits the defendants, their successors in office, agents and employees and all other persons in active concert and participation with them to discontinue the practices of conducting the vote on 'union contracts' in the Heinz North America plant where the atmosphere has the capacity to coerce, induce or subject the union employees to undue pressures which is tantamount to an 'hostile environment'.

c. Prohibits the defendant JACK SWIFT 'the exclusive representative of the union employees' from any further representation of the union members employed at the Heinz North America plant as a union representative due to his breach of his fiduciary responsibility.

3. The cost of this court proceedings.

4. Plaintiff respectfully requests such other and further relief that the court deems to be appropriate and just.

/s/ Alfonso H. Wiggins
ALFONSO GREEN WIGGINS