```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALFONSO GREEN WIGGINS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED FOOD AND COMMERCIAL<br>WORKERS UNION, LOCAL #56,<br>ANTHONY R. CINAGLIA, JACK<br>SWIFT, HEINZ NORTH AMERICA,<br>and WILLIAM H. MCNEECE,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>CIVIL NO. 04-3797<br><br>**OPINION** |

APPEARANCES:

Alfonso Green Wiggins, Pro Se
3930 Beacon Avenue
Pennsauken, NJ 08110

Mark E. Belland, Esq.
Brett I. Last, Esq.
O'BRIEN, BELLAND & BUSHINSKY, LLC
2111 New Road
Suite 101
Northfield, NJ 08225
    Attorneys for Defendant United Food and Commercial Workers
    Union, Local #56

Barry L. Cohen, Esq.
THORP, REED & ARMSTRONG, ESQS.
993 Lenox Drive
Suite 200
Lawrenceville, NJ 08648
    Attorney for Defendants Heinz North America and William H.
    McNeece

**SIMANDLE**, U.S. District Judge:

    This case arises out of a vote on a two year extension of a

Collective Bargaining Agreement governing the relationship

between Heinz North American Pennsauken ("Heinz") and the United

Food and Commercial Workers Union, Local Number 56 ("Local 56" or "Union"). Plaintiff Alfonso Green Wiggins alleges that the Defendants – his union and his employer – violated his rights under Sections 101(a)(1), 101(a)(2) and 501 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411(a)(1), 411(a)(2) and 501. The matter is before the Court upon the motions for summary judgment by Defendant Local #56 and Defendants Heinz North America and William H. McNeece, plant manager.[1] Plaintiff's Complaint suffers from procedural and substantive defects and, therefore, the Court will grant the summary judgment motions.

I.  **BACKGROUND**

The facts giving rise to this action are largely undisputed. Heinz and Local 56 entered into a Collective Bargaining Agreement ("CBA") on October 27, 1999 for a five-year period beginning on September 12, 1999. On or about December 20, 2001, the Union held a meeting to discuss a two year extension to the CBA. Notice of the meeting, posted at several locations at the Heinz

---

[1] Plaintiff, pro se, did not file a brief in opposition to Defendants' motions for summary judgment. Instead, on September 23, 2005, Plaintiff filed a document entitled "Statement of Undisputed Material Facts in Support of a Cross-Motion for Summary Judgment" together with a "Memorandum of Law In Support of Plaintiff's Cross-Motion for Summary Judgment." Plaintiff did not file, however, a notice of motion. The Court will treat Plaintiff's submissions as opposition to Defendants' motion, and not as a cross-motion. Regardless, for reasons explained in this Opinion, the Court will enter judgment in favor of Defendants.

2

plant, invited "All Local 56 Members" to attend.  (Def. Ex. C.) The notice advised that a "meeting" would be held on December 20, 2001, at 9:00 A.M., "to discuss the plant reorganization."  (Id.) At the meeting, union members were asked to vote, by a show of hands, whether they were in favor of the proposed extension.  A majority of those present voted in favor of the proposal, and the CBA extension was approved.

Plaintiff did not attend the meeting and, thus, did not vote on the proposal.  Plaintiff admits that he was never physically denied access to the plant at the time the meeting was held, but maintains that he never received adequate notice.  He(Pl. Dep. Tr. 16:10-17.)  Without filing an internal grievance, as required by the Union bylaws, Plaintiff filed a charge with the National Labor Relations Board on May 17, 2002, alleging violations of Section 8 of the National Labor Relations Act and Title I, Section 101(a)(1).  (Def. Exs. E, F.)  The NLRB issued a decision on July 25, 2002 denying Plaintiff's charges.  (Def. Ex. G.) Plaintiff appealed that decision, and on October 31, 2002, his appeal was denied.  (Def. Ex. H.)

Plaintiff filed this action on August 9, 2004, asserting claims under §§ 101(a)(1), 101(a)(2) and 501 of the LMRDA, seeking declaratory and injunctive relief prohibiting Defendants from implementing the two year contract extension and from

holding ratification votes at the Heinz plant in the future.[2]
Defendants subsequently moved for summary judgment.[3]

## II.     SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving

---

[2] Plaintiff filed a motion for leave to amend the Complaint together with a proposed amended complaint on January 12, 2005. Judge Joel B. Rosen, U.S. Magistrate Judge, granted Plaintiff's motion and ordered Plaintiff to file the amended complaint no later than February 25, 2005.  Defendants Heinz and McNeece filed an Answer to the Amended Complaint on March 11, 2005 before it was filed by Plaintiff on June 3, 2005.  The parties have not objected to the Amended Complaint and, as the summary judgment motions are directed to that pleading, the Court will deem the Amended Complaint as properly filed.

[3] Currently pending before the Court is a related action, filed on December 10, 2004, involving the same parties and arising from the same facts.  Civil No. 04-6048.  The matters have not been consolidated, and that action is not before the Court at this time.  Pursuant to a scheduling order entered by Judge Ann Marie Donio, U.S. Magistrate Judge, dispositive motions in that action shall be filed by April 30, 2006.

[4] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.

party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**III. DISCUSSION**

    A.    Sections 101(a)(1) and 101(a)(2)

        1.    Statute of Limitations

There is no dispute that the applicable statute of limitations governing Plaintiff's claims under §§ 101(a)(1) and 101(a)(2) of Title I of the Labor-Management Reporting and Disclosure Act of 1959 is two years. See Reed v. United Transportation Union, 488 U.S. 319 (1989) (requiring state general or residual personal injury statutes be applied to suits under § 101(a)(2)); George v. Local Union No. 639, 100 F.3d 1008, 1013 (D.C.Cir. 1996) (extending holding in Reed to claims under §

---

[5] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Country Floors v. Partnership of Gepner and Ford, 930 F.2d 1056, 1061-63 (3d Cir. 1991).

101(a)(1)); N.J.S.A. 2A:14-2(a) ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued . . . ."). The disagreement among the parties pertains to when Plaintiff's cause of action accrued for purposes of calculating the limitations period. Plaintiff argues that the period should run from the date that his NLRB appeal was denied, October 31, 2002. Defendants disagree, contending that the period should run from, at the latest, the date Plaintiff filed his charge with the NLRB, May 17, 2002. This Court agrees with Defendants that Plaintiff's Complaint is untimely.

As already noted, it is undisputed that the Union convened plant employees at a meeting on December 20, 2001 to discuss the two-year extension to the Collective Bargaining Agreement. Plaintiff did not attend that meeting. On May 17, 2002, Plaintiff filed a charge with the NLRB asserting a claim arising out of the same facts alleged here. Obviously, then, Plaintiff was aware of the facts giving rise to this cause of action by May 17th at the latest. The present Complaint, however, was filed on August 9, 2004, well over two years after that date. Accordingly, Plaintiff's claims under 101(a)(1) and 101(a)(2) are untimely under the applicable statute of limitations. See Burd v. New Jersey Tel. Co., 149 N.J. Super. 20, 30 (App. Div. 1977)

6

(holding accrual of cause of action for purposes of statute of limitations occurs on the date on which the right to institute and maintain a suit first arises), aff'd, 76 N.J. 284 (1978).

That Plaintiff's appeal from the denial of his NLRB charge was not decided until October 31, 2002 is of no consequence, as there is no requirement under the LMRDA that Plaintiff exhaust remedies under the NLRB before filing a federal action. To be sure, as the Court discusses below, Plaintiff was required to exhaust internal union remedies. As Plaintiff concedes, though, he did not even attempt to do so. Therefore, tolling the limitations period pending the outcome of related agency proceedings is unwarranted. See Love v. Merck & Co., 2005 U.S. Dist. LEXIS 917, at *9 (E.D.Pa. Jan. 21, 2005) (refusing to toll statute of limitations pending the outcome of an NLRB charge as it was not required for plaintiff to exhaust remedies under the NLRB before filing federal suit).

For these reasons, the Court holds that period of limitations began to run, at the latest, on May 17, 2002. Because Plaintiff's Complaint was not filed until over two years later, the Complaint is untimely.

  2.   Failure to Exhaust

Additionally, Plaintiff concedes that he failed to exhaust internal union remedies prior to instituting this suit. Congress, however, has statutorily imposed an exhaustion

7

requirement for claims under the LMRDA. See <u>Local Union No. 1075, United Rubber, etc. v. United Rubber</u>, 716 F.2d 182, 185 (3d Cir. 1983). The union bylaws similarly provide: "No member shall institute an action outside the Union against the International Union, Local Union, or any of their officers or representatives without first exhausting all remedies provided by the Local Union bylaws and rules and the Constitution and laws of the International Union." (Def. Ex. L at 23.) Therefore, Plaintiff's failure to first exhaust internal union remedies, also warrants summary judgment in favor of Defendants.

      3.   <u>Rights Under Section 101(a)(1)</u>

Plaintiff's claims under Section 101(a)(1) must also fail as a matter of law as Section 101(a)(1) does not require that a collective bargaining agreement be submitted to the union membership for approval. See <u>Confederated Independent Unions, Local 1 v. Rockwell-Standard Co.</u>, 465 F.2d 1137, 1140 (3d Cir. 1972). Section 101(a)(1) provides:

> "Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1). "The law does not require that a collective bargaining agreement be submitted to a local union or the union membership for authorization, negotiation or

ratification, in the absence of an express requirement in the agreement, or in the constitution, bylaws or rules and regulations of the union." Id.  Though the rights guaranteed by § 101(a)(1) are generally meant to insure that members are able to mount effective support or opposition to the leadership's position, Cupid v. Local 116, 1993 U.S. Dist. LEXIS, at *22 (E.D.Pa. Jan. 27, 1993), "[t]he statute does not require submission of proposed agreements or any segments thereof to membership; nor grant members the right to vote on negotiating, executing and approving contracts."  Rockwell-Standard Co., 465 F.2d at 1140.  See also White v. White Rose Food, 237 F.3d 174, 182 (2d Cir. 2001) (holding no right under Section 101(a)(1) to vote on matters relating to collective bargaining agreements); Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 666 (7th Cir. 1992) (same); Ackley v. Western Conf. of Teamsters, 958 F.2d 1463, 1476 (9th Cir. 1992) (same); Cumiskey v. Seafarers Int'l Union and Curtis Bay Towing Co., 1988 Dist. LEXIS 4720, at *4 (E.D.Pa. May 25, 1988) (same).  Cf. Bunz v. Moving Picture Machine Operators' Protective Union Local 224, 567 F.2d 1117, 1121 (D.C. Cir. 1977) (recognizing violations of Section 101(a)(1) where union officials circulated inadequate or misleading information about matters to be voted upon).

Here, there is no express requirement in the constitution, by-laws or rules and regulations of the union that union members

be given the right to approve proposed extensions of collective bargaining agreements. In the absence of such a requirement, Plaintiff's claim under Section 101(a)(1) must fail as a matter of law.

In any event, there is no indication that Plaintiff was discriminated against in his ability to participate in the meeting. As the Supreme Court has stated, Section 101(a)(1) is "a command that members and classes of members shall not be discriminated against in their right to nominate and vote." Calhoon v. Harvey, 379 U.S. 134, 139 (1964). Therefore, "[a] cause of action by a union member cannot be sustained under 101(a)(1) without some claim of discrimination . . . ." Conery v. Niccollai, Jr., 2002 U.S. App. LEXIS 6426, at *4 (3d Cir. Apr. 4, 1992) (citing Calhoon, 379 U.S. at 138-39). See Keck v. Employees Indep. Ass'n, 387 F. Supp. 241, 247 (E.D.Pa. 1974) (holding no violation of Section 101, in spite of violation of union bylaws, because "plaintiffs do not allege that members or classes have been discriminated against in their right to vote").

Here, all union members were advised of, and invited to attend, the December 20, 2001 meeting. To be sure, the posted notice (Def. Ex. C) made no mention that a vote would be held on that date. Plaintiff has offered no proof, though, that others were in fact told of the vote while he was not. Accordingly, Plaintiff is unable to demonstrate the requisite discrimination.

10

### 4. Rights Under Section 101(a)(2)

Plaintiff's claims under Section 101(a)(2) are likewise devoid of merit. Section 101(a)(2) was intended to guarantee union members the right to express their views and opinions regarding union elections and officers. That section provides, in relevant part:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. §411(a)(2). "Section 101(a)(2) was intended to guarantee union members the right to express their views and opinions regarding union elections and officers." Conery, 2002 U.S. App. LEXIS 6426, at *4.

The Supreme Court has held that a violation of free speech rights by itself is insufficient to violate 101(a)(2). Sheet Metal Workers' Int'l Assoc. v. Lynn, 488 U.S. 347, 353 (1989). The infringement on free speech must be viewed with reference to the basic objective the LMRDA: "to ensure that unions [are] democratically governed, and responsive to the will of the union

11

membership as expressed in open periodic elections." Finnegan v. Leu, 456 U.S. 431, 441 (1982).

In light of the statute's objective, as articulated by the Supreme Court, this Court believes that Plaintiff's allegation that he was constructively denied access to the December 20, 2001 meeting is not sufficient to give rise to a claim under Section 101(a)(2). Indeed, as already explained, Plaintiff has no statutory right to vote for such a proposed contract extension. That he may not have had the opportunity to express his views and opinions regarding that matter, therefore, is irrelevant to his claim under 101(a)(2). Accordingly, judgment will be entered against Defendants on Plaintiff's claim under that Section.

     5. Defendant Heinz

Finally, the Court agrees with Defendant Heinz that Plaintiff may not sue his employer under Sections 101(a)(1) and 101(a)(2). The statute "only regulates the relationship between the union and its members" and, thus, Plaintiff's claims under 29 U.S.C. § 411 against its employer Heinz are without merit. Hatchigian v. Interface Electric, Inc., 1993 U.S. Dist. LEXIS 140, at *48 (E.D.Pa. Jan. 26, 1993) ("[T]he LMRDA does not provide a civil remedy for the vindication of LMRDA rights against one who, in allegedly violating such rights, is not acting in the capacity of an official, member or agent of a labor union."); Taschner v. Hill, 589 F. Supp. 127, 131 (E.D.Pa. 1984)

("It is evident that section 101(a) does not support an action against the aggrieved party's employer.") The Court will grant summary judgment in favor of Defendant Heinz.

  B. <u>Section 501</u>

    1. <u>Rights Under Section 501(a)</u>

Section § 501(a) outlines the fiduciary responsibilities of officers of labor organizations:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group.  It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

29 U.S.C. § 501(a).  By its terms, Section 501(a) imposes liability on individual union officers for breach of fiduciary duties, but does not impose that duty on labor organizations themselves.  Accordingly, Plaintiff's claims against Local 56 must fail as a matter of law.  Plaintiff's claims against Heinz and McNeece, the plant manager, must also fail as being outside the scope of Section 501(a).

13

2.  <u>Exhaustion</u>

Section 501(b) requires that the union member first request the union, in state court or pursuant to another federal statute, to sue the union official suspected of wrongdoing before the member is permitted to bring suit under § 501.[6]  See <u>Sabolsky v. Budzanoski</u>, 457 F.2d 1245, 1252 (3d Cir. 1972); <u>Coleman v. Brotherhood of Railway and Steamship Clerks</u>, 340 F.2d 206 (2d Cir. 1965).  Plaintiff here has made no such attempt, nor has he shown good cause why such failure should be overlooked.  Accordingly, judgment will be entered in favor of Defendants on Plaintiff's claim under Section 501(b).  See <u>Sabolsky</u>, 457 F.2d at 1252.

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant the motions for summary judgment by Defendant United Food and Commercial Workers Union, Local #56 and Defendants Heinz North America and William H. McNeece.  The accompanying Order will be entered.

**March 20, 2006**            **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge

---

[6] The requisite of the statute that a plaintiff first request the governing board or officers of the union to sue and be sued, and have been refused, is akin to the demand requirement in a shareholder derivative action under Rule 23.1, Fed. R. Civ. P. See <u>Sabolsky</u>, 457 F.2d at 1252.