IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFONSO GREEN WIGGINS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL #56, ANTHONY R. CINAGLIA, JACK SWIFT, HEINZ NORTH AMERICA, and WILLIAM H. MCNEECE,<br><br>        Defendants. | HON. JEROME B. SIMANDLE<br><br>CIVIL NO. 04-3797<br><br>**MEMORANDUM OPINION** |

    1.  Plaintiff Alfonso Wiggins ("Plaintiff") has filed this motion [Docket Item 43], pursuant to Fed. R. Civ. P. 60(b)(3), to vacate the Court's March 20, 2006 Opinion and Order ("March 20 Opinion"), which granted the motions for summary judgment by Defendants United Food and Commercial Workers Union, Local Number 56 ("Local 56" or "Union"); Heinz North American Pennsauken ("Heinz"); and William H. McNeece, the plant manager ("McNeece"), collectively referred to as "Defendants."[1]

    2.  Plaintiff alleges that Defendants fraudulently misrepresented to the Court that the underlying collective bargaining agreement was approved at a vote on December 20, 2001, when in fact, Plaintiff argues, the contract was approved at a smaller meeting on December 19, 2001.  Because these facts were

---

[1] The Court has already denied Plaintiff's motion for reconsideration of the March 20 Opinion. [Docket Item 42.]

not pertinent to the Court's entry of summary judgment, the Court shall deny the motion to vacate.

    3.  Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party... This rule does not limit the power of a court ... to set aside a judgment for fraud upon the court.

    4.  A party moving under rule 60(b) for relief from a judgment, order, or proceeding must clearly establish the grounds therefor to the satisfaction of the district court. Federal Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956). Furthermore, "relief under Rule 60(b) is discretionary with the district court." Estate of Murdoch v. Pennsylvania, 432 F.2d 867, 870 (3d Cir. 1970).

    5.  In its March 20 Opinion, the Court determined that summary judgment was appropriate for several reasons.  First, the Court determined that the two-year statute of limitations began to run as of May 17, 2002, at the latest, and that therefore, this action, filed in August 2004, was untimely.  Second, the Court found that Plaintiff failed to exhaust his internal union remedies.  Third, the Court found that Plaintiff's claims under Sections 101(a)(1), 101(a)(2) and 501(a) of the Labor-Management

Reporting and Disclosure Act (29 U.S.C. §§ 411(a)(1), 411(a)(2) and 501) failed as a matter of law.

    6. The Court shall deny the motion to vacate its entry of summary judgment because the date of the ratification vote and the identity of those in attendance were not relevant to the Court's decision. Thus, even if Defendants were guilty of fraudulently representing the details of that meeting to the Court, the entry of summary judgment would still be proper. These facts are tangential and the Court did not resolve this dispute or rely on the disputed facts when it made its summary judgment decision. In the language of the Rule, it would not be "just" for the Court to exercise its discretion to vacate summary judgment merely as a sanction to Defendants, which is what Plaintiff appears to suggest.

    7. For the foregoing reasons, the Court shall enter an Order denying Plaintiff's motion to vacate summary judgment.

**January 8, 2007**             **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                           U.S. District Judge