IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFONSO GREEN WIGGINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL #56, ANTHONY R. CINAGLIA, JACK SWIFT, HEINZ NORTH AMERICA, and WILLIAM H. MCNEECE,<br><br>　　　　　Defendants. | HON. JEROME B. SIMANDLE<br><br>CIVIL NO. 04-3797<br><br>**MEMORANDUM OPINION** |

**Simandle, District Judge**:

　　1.　This matter is before the Court on the motion for summary judgment [Docket Item 71] of Defendant Jack Swift, identified in the Amended Complaint [Docket Item 7-4] as the Business Representative of the United Food and Commercial Workers Union, Local #56 ("UFCW"). Defendant Swift seeks summary judgment on the same grounds on which UFCW was granted summary judgment earlier in this litigation. Plaintiff has not opposed this motion for summary judgment.

　　2.　Plaintiff asserted several claims against Defendant Swift. First, Plaintiff claims Swift, as a representative of the Union, denied his rights to vote on a contract extension in violation of 29 U.S.C. § 411(a)(1). (Am. Compl. ¶ 5.) Second, Plaintiff alleges that Swift violated his right to freely assemble in violation of 29 U.S.C. § 411(a)(2). (Am. Compl. ¶ 6.) Third, Plaintiff alleges that Swift discriminated against

him by preventing him, and others, from voting on his union contract. (Am. Compl. ¶ 7.) Fourth, Plaintiff alleges that Swift violated his rights under 29 U.S.C. § 411(a)(1) by negotiating a collective bargaining agreement without giving the workers sufficient notice of a vote on the contract. (Am. Compl. ¶ 8.) Fifth, Plaintiff alleges that Swift violated his rights under "29 U.S.C.A." by holding a revote on the contract extension after an initial rejection by the union membership. (Am. Compl. ¶ 9.) Sixth, Plaintiff alleges that Defendant Swift violated his rights under 29 U.S.C. § 501 by telling employees that the plant would be shut down and moved out of state if they did not approve the contract. (Am. Compl. ¶ 10.) Seventh, Plaintiff alleges that Swift violated 29 U.S.C. § 501 by failing to communicate to union employees that they were waiving future negotiation of their health care and pension plans by approving the contract extension. (Am. Compl. ¶ 11.) The claims asserted against Defendant Swift are identical to those asserted against UFCW.

    3. On March 20, 2006, this Court entered an Opinion and Order granting the motion for summary judgment by UFCW ("the March 2006 Opinion"). Defendant Swift had not moved for summary judgment at that time. In the March 2006 Opinion, this Court explained that the claims pursuant to 29 U.S.C. § 411(a) were barred by the statute of limitations, for failure to exhaust, and as a matter of law. The claims pursuant to 29 U.S.C. § 501 were

also barred for failure to exhaust.

4. Plaintiff filed a motion for reconsideration of the March 2006 Opinion, which was denied. Plaintiff also filed a motion to vacate, which the Court also denied. Plaintiff then prematurely appealed this matter to the Court of Appeals for the Third Circuit, which dismissed the appeal.

5. As the Court explained in the March 2006 Opinion, the claims pursuant to 29 U.S.C. § 411(a) are barred by the statute of limitations, for failure to exhaust, and as a matter of law and the claims pursuant to 29 U.S.C. § 501 are barred for failure to exhaust.  Those being the only bases for claims against Defendant Swift, the Court shall grant summary judgment to Defendant Swift.

6. It appearing that the only remaining defendant, Defendant Cinaglia, allegedly the President of UFCW, is in exactly the same legal position as Defendant Swift and that, therefore, the identical claims against him are also precluded as a matter of law, the Court shall also grant summary judgment as to claims against Cinaglia.  An appropriate Order shall be entered.

**March 31, 2008**                                       **s/ Jerome B. Simandle**
Date                                                     JEROME B. SIMANDLE
                                                         U.S. District Judge